**Opinion filed September 12, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00259-CR

_____

## MACARTHUR ISAIAH BARGERY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-22-0359-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, MacArthur Isaiah Bargery, was charged by indictment with two counts of aggravated robbery and one count of aggravated assault against a public servant, each first-degree felonies, and one count of aggravated assault with a deadly weapon,[1] a second-degree felony. Appellant waived his right to a jury trial, pleaded

---

[1]The indictment alleged two counts of aggravated assault with a deadly weapon, but the State abandoned one count prior to Appellant's guilty pleas.

guilty to all four offenses, and elected the trial court to assess his punishment. *See* TEX. PENAL CODE ANN. §§ 22.01(b)(1), 22.02(a)(2) (West Supp. 2023), § 29.03 (West 2019); TEX. CODE CRIM. PROC. ANN. art. 37.07 § 2 (West Supp. 2023).

At Appellant's two-day punishment hearing before the trial court, the State presented fifteen witnesses, photographs, surveillance video footage, dashcam footage, a firearm, and Appellant's recorded custodial confession. The record reflects that Appellant entered two game rooms on the west side of Odessa in a ski mask and hoodie, armed with a loaded handgun. Appellant shot the owner of the first game room as he ran to his office, then went to the second game room where he robbed a floor clerk at gunpoint. He fled each crime scene in a black car driven by his codefendant, who led law enforcement on a high-speed car chase soon after the second robbery. During the pursuit, Appellant leaned out of the passenger window and fired "fifteen to twenty rounds" at the patrol unit closely following them. After law enforcement lost sight of the vehicle, Appellant and the driver abandoned it, and evaded on foot. Police found Appellant hiding in a dumpster, and found the firearm in a separate dumpster in the same alley.

The trial court accepted Appellant's pleas, found him guilty, and assessed punishment for each conviction at confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice for terms of: (1) thirty years for aggravated robbery as alleged in Count One; (2) forty years for aggravated robbery as alleged in Count Two; (3) forty years for aggravated assault against a public servant as alleged in Count Three, in addition to a $10,000 fine; and (4) twenty years for aggravated assault as alleged in Count Five. The trial court ordered the sentences to run concurrently. *See* CRIM. PROC. art. 42.08(a) (West Supp. 2023).

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are

no arguable issues to present on appeal.  Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record.  Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 68.  As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief.  Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[2]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgments of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

September 12, 2024

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

3